**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                                                    **TELEPHONE (605) 224-0560**
**BANKRUPTCY JUDGE**                                                                            **FAX (605) 224-9020**


February 21, 2007

Shane C. Penfield, Esq.
Attorney for Plaintiffs
Post Office Box 8045
Rapid City, South Dakota  57709-8045

Brian L. Utzman, Esq.
Attorney for Defendants-Debtors
550 North Fifth Street, Third Floor
Rapid City, South Dakota  57701

>      Subject:  ***Spyke, Inc. et al. v. Ronald H. Zufall, et al.***
>                     ***(In re Ronald H. Zufall and Rebecca S. Zufall)***
>                     Adversary No. 06-5005
>                     Chapter 7; Bankr. No. 05-50693

Dear Counsel:

     The matter before the Court is Defendants-Debtors Ronald H. Zufall and Rebecca S. Zufall's motion for summary judgment with respect to Plaintiffs Spyke, Inc. and MC Advantages, Inc.'s amended complaint to determine dischargeability.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, Defendants-Debtors' motion will be granted.

     **Summary**.  In October 2002, Spyke, Inc. ("Spyke") and MC Advantages, Inc. ("MC Advantages") commenced an action in state court against Classic Motor Works Manufacturing, Inc. ("Classic Motor Works"), CMW Distributing, Inc. ("CMW Distributing"), and Ron Zufall.[1]  On April 9, 2004, the parties entered into a settlement agreement, pursuant to which Classic Motor Works, CMW Distributing, and Ron Zufall agreed to:

  1) pay the sum of $16,270 to Spyke and MC Advantages to resolve the matter;

  2) confess judgment for the sum of $16,270; and

---

[1] Rebecca Zufall was not named as a defendant in that state court action.

Re: *Spyke, Inc. v. Zufall*
February 21, 2007
Page 2

> 3) reaffirm the $16,270 debt owed to Spyke and MC Advantages, "if necessary."

The settlement agreement also provided:

> In order to avoid the costs of non-dischargeability litigation, as well as the uncertainty of its outcome, the parties have agreed to resolve any and all potential issues between them with Defendants hereby consenting that the claim of [Spyke and MC Advantages] is non-dischargeable in the amount of $16,270.00 or whatever lesser amount is still owing.[2]

Classic Motor Works Manufacturing, CMW Distributing, and Ron Zufall failed to pay the agreed sum, and Spyke and MC Advantages filed their confession of judgment in state court. On April 23, 2004, a judgment of confession was entered against Classic Motor Works, CMW Distributing, and Ron Zufall in state court. The judgment of confession provided, in its entirety:

> The defendants having filed their Confession of Judgment in this matter wherein they authorize and consent that judgment be entered in favor of Spyke, In[c]. and MC Advantages, Inc., for the sum of Sixteen Thousand Two Hundred Seventy Dollars ($16,270), plus interest from the date of this judgment at the statutory rate; it is therefore:
>
> ORDERED, that plaintiff[s] have judgment and recover of and from said defendants, Classic Motor Works Manufacturing, Inc., CMW Distributing, Inc., and Ron Zufall, the sum of Sixteen Thousand Two Hundred Seventy Dollars ($16,270), plus interest from the date of this judgment at the statutory rate.

On October 7, 2005, Ron Zufall and his wife, Rebecca Zufall, filed for relief under chapter 7 of the bankruptcy code. On January 13, 2006, Spyke and MC Advantages (hereinafter, "Plaintiffs") commenced the instant adversary proceeding against Ron Zufall and Rebecca Zufall ("the Zufalls"). The Zufalls moved for summary judgment, the parties submitted briefs and affidavits, and the matter was taken under advisement.

---

[2] Rebecca Zufall was not a party to that settlement agreement.

Re:  *Spyke, Inc. v. Zufall*
February 21, 2007
Page 3


**Discussion**.  Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c).  An issue of material fact is *genuine* if it has a real basis in the record.  *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein).  A genuine issue of fact is *material* if it might affect the outcome of the case.  *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion.  *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997); *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587-88 (1986), and citations therein).  The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion.  *Handeen v. LeMaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273, (8th Cir. 1988).  No defense to an insufficient showing is required.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.  If the movant meets his burden, however, the non movant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial."  *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).  The non movant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Bell*, 106 F.3d 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995).

In this case, Plaintiffs are asking the Court to conclude their claim against Defendants-Debtors is nondischargeable under 11 U.S.C. § 523(a)(2)(A).  That section excepts from discharge any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  To prevail under § 523(a)(2)(A), Plaintiffs must prove the following elements by a preponderance of the evidence:

1. The debtor made a representation.

2. The debtor knew the representation was false at the time it was made.

3. The representation was deliberately made for the purpose of deceiving the creditor.

Re: *Spyke, Inc. v. Zufall*
February 21, 2007
Page 4

    4.    The creditor justifiably relied on the representation.

    5.    The creditor sustained the alleged loss as the proximate result of the representation having been made.

*Burt v. Maurer* (*In re Maurer*), 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000) (citations omitted) (cited in *Arvest Bank of Huntsville v. Lane* (*In re Lane*), 104 Fed.Appx. 608 (8th Cir. 2004)).

Plaintiffs pled no facts in their amended complaint that would support the Court's finding any of the foregoing elements in this case. They instead chose to rely entirely on the settlement agreement and the judgment of confession. Plaintiffs' reliance on the settlement agreement and the judgment of confession, however, is misplaced.

A prepetition agreement in which the debtor purports to waive the benefits of a bankruptcy discharge is void as against public policy. *Hayhoe v. Cole*, (*In re Cole*), 226 B.R. 647, 651-52 n.6 (B.A.P. 9th Cir. 1998) (citing *Giaimo v. Detrano* (*In re Detrano*), 222 B.R. 685, 688 (Bankr. E.D.N.Y. 1998) ("As a matter of superseding federal bankruptcy policy . . ., a prepetition waiver of a discharge of a particular debt or of all debts is against public policy and unenforceable."); *Shaw Steel, Inc. v. Morris* (*In re Morris*), 1998 WL 355510, at *8 (Bankr. N.D. Ill. June 30, 1998) ("An agreement to waive the dischargeability of a debt is not enforceable as a matter of public policy."); *Chilcoat v. Minor* (*In re Minor*), 115 B.R. 690, 694-96 (D. Colo. 1990); *Doug Howle's Paces Ferry Dodge, Inc. v. Ethridge* (*In re Ethridge*), 80 B.R. 581, 586 (Bankr. M.D. Ga. 1987); *First Georgia Bank v. Halpern* (*In re Halpern*), 50 B.R. 260, 262 (Bankr. N.D. Ga. 1985), *aff'd*, 810 F.2d 1061 (11th Cir. 1987); *Johnson v. Kriger* (*In re Kriger*), 2 B.R. 19, 23 (Bankr. D. Ore. 1979) ("It is a well settled principle that an advance agreement to waive the benefit of a discharge in bankruptcy is wholly void, as against public policy.")). *See also Klingman v. Levinson*, 831 F.2d 1292, 1296 n.3 (7th Cir. 1987) ("For public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy. However, a debtor may stipulate to the underlying facts that the bankruptcy court must examine to determine whether a debt is dischargeable.");[3] *The Bank of China v. Huang* (*In re Huang*), 275 F.3d 1173, 1177 (9th Cir. 2002); *Hester v. Daniel* (*In re Daniel*), 290 B.R. 914 (Bankr. M.D. Ga. 2003).

---

[3] The settlement agreement at issue in the instant case did not include any stipulated facts other than the amount Classic Motor Works, CMW Distributing, and Ron Zufall owed Plaintiffs.

Re:  *Spyke, Inc. v. Zufall*
February 21, 2007
Page 5



     A state court judgment that incorporates such a prepetition agreement is equally unenforceable.

> [B]ankruptcy courts have exclusive jurisdiction to determine the dischargeability of a claim under § 523(a)(2).  Consequently, a state court stipulated judgment where the debtor waives his right to discharge is unenforceable as against public policy.

*Cole*, 226 B.R. at 653 (citation omitted).  *See also Seven Elves, Inc. v. Eskenazi* (*In re Eskenazi*), 6 B.R. 366, 368 (B.A.P. 9th Cir. 1980) (*res judicata* cannot be applied to foreclose litigation of a nondischargeability claim in bankruptcy court); *Daniel*, 290 B.R. at 920 ("Plaintiff has conceded that this Court has exclusive jurisdiction regarding the dischargeability of a debt and, therefore, is not bound by the section of the judgment which states the debt is nondischargeable in bankruptcy."); *Ethridge*, 80 B.R. at 586 ("[T]he provisions of the consent judgment which pertain to the waiver of Defendant's right to a discharge are void."); *Halpern*, 50 B.R. at 262 ("Policy considerations dictate that dischargeability questions cannot be predetermined either by a state court or by agreement of the parties prior to or in anticipation of the possible filing of a bankruptcy case.").[4]

     In their brief, Plaintiffs cited *Howard v. City of Huron*, 60 N.W. 803 (S.D. 1894), for the proposition that "[a] judgment by default or upon confession is, in its nature, just as conclusive upon the rights of the parties before the court as a judgment upon a demurrer or verdict."  *Id.* at 805.  However, the court in *Howard* also held:

> In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, *the inquiry must always be as to the point or question actually litigated and determined in the original action*, not what might have been thus litigated and determined.  Only upon such matters is the judgment conclusive in another action.

*Id.* at 804 (emphasis added).  That is still the law in South Dakota.  *See, e.g., Dakota, Minnesota & Eastern Railroad Corp. v.*

---

[4] The Court recognizes the same rule might not apply in a case in which the plaintiff sought relief under a provision of § 523(a) with respect to which the bankruptcy courts and state courts have concurrent jurisdiction, *e.g.*, § 523(a)(1).

Re:  *Spyke, Inc. v. Zufall*
February 21, 2007
Page 6

*Acuity*, 720 N.W.2d 655, 659 (S.D. 2006); *In re Estate of Nelson*, 330 N.W.2d 151, 157 (S.D. 1983) ("Another way of viewing collateral estoppel is to say that it compels the second court to make the same finding on an identical issue as the first court made."); *Gottschalk v. South Dakota Real Estate Commission,* 264 N.W.2d 905, 909 (S.D. 1978) ("[C]ollateral estoppel only prevents relitigation of issues *actually litigated and determined* in the prior proceeding.").

While Plaintiffs' state court complaint included counts against Ron Zufall for "fraud/deceit/misrepresentation," the settlement agreement that gave rise to the judgment by confession did not include any admission of wrongdoing on his part or any stipulated facts that would support a finding of fraud, deceit, or misrepresentation by him.  To the contrary, the settlement agreement specifically acknowledged the "uncertainty" of the outcome of any nondischargeability litigation.  The judgment by confession that was entered pursuant to the settlement agreement was likewise silent regarding any finding of fraud, deceit, or misrepresentation by Ron Zufall.[5]  Thus, the only issue that can be said to have been determined in the state court action is the amount Classic Motor Works, CMW Distributing, and Ron Zufall owed Plaintiffs.[6]  The judgment by confession is entitled to preclusive effect with respect to that determination.  It is not entitled to any preclusive effect beyond that determination.

In his affidavit in support of the Zufalls' motion for summary judgment, Ron Zufall denied having made any representation to Plaintiffs concerning Classic Motor Works' or CMW Distributing's ability to pay for the goods ordered from Plaintiffs.  He further denied having made any representation to them to induce them to do business with Classic Motor Works or CMW Distributing.  In her affidavit in support of the Zufalls' motion for summary judgment, Rebecca Zufall denied having made any representation to Plaintiffs

---

[5] In their brief, Plaintiffs cited *Nissan v. Weiss* (*In re Weiss*), 235 B.R. 349 (Bankr. S.D.N.Y. 1999), for the proposition that under Texas law, "a judgment by confession is conclusive on the merits, and there is necessarily a finding of fault as to each cause of action alleged in the complaint."  *Id.* at 356.  However, Plaintiffs did not cite – and the Court has not found – any South Dakota authority in support of this proposition, which appears in any event to be inconsistent with the holdings in *Howard* and the other cases cited above.

[6] In their response to the Zufalls' request for admissions, Plaintiffs admitted "the court in the State Court Action made no factual determinations at Trial or otherwise."

Re: *Spyke, Inc. v. Zufall*
February 21, 2007
Page 7

concerning anything.[7]

If the Zufalls made no representation, Plaintiffs cannot prevail under § 523(a)(2)(A). It was therefore incumbent on Plaintiffs to come forward with specific facts showing the Zufalls *did* make a representation and thus create a genuine issue of material fact for trial. Plaintiffs did not do so.

Plaintiffs did allege in Cause of Action II of their state court complaint that Ron Zufall "gave assurances that payments would be forthcoming," and they further alleged in Cause of Action IV of their state court complaint that he "represented that Classic Motor was in a financial position to fulfill the contract." However, neither of those allegations was supported by an affidavit or other documentation.[8] Thus, neither is sufficient to create a genuine issue of material fact. *See Winthrop Resources Corp. v. Eaton Hydraulics, Inc.*, 361 F.3d 465, 469 n.10 (8th Cir. 2004) (citations omitted) ("A party resisting a properly supported summary-judgment motion may not rest upon the mere allegations or denials of the pleadings, but by affidavit or otherwise as provided by Rule 56 must set forth specific facts showing the existence of a genuine issue for trial.").

Moreover, even assuming the unsupported allegations in Plaintiffs' state court complaint would otherwise be sufficient to create a genuine issue of material fact, neither Ron Zufall's statement that "payments would be forthcoming" nor his statement that "Classic Motor was in a financial position to fulfill the contract" would be actionable under § 523(a)(2)(B). Both are clearly statements respecting an insider's financial condition, which are specifically excluded from § 523(a)(2)(A). *See Guliuzza v. Wood* (*In re Glenn E. and Janet L. Wood*), Adv. No. 03-5015, Bankr. No. 03-50375, slip op. at 3-4 (Bankr. D.S.D. Mar. 15, 2004) (citations therein).

Plaintiffs' case is premised entirely on the settlement agreement and the judgment of confession, and neither the settlement agreement nor the judgment of confession is enforceable

---

[7] In their response to the Zufalls' request for admissions, Plaintiffs admit Rebecca Zufall made no verbal or written representation to them. Plaintiffs' decision to include her as a defendant in this action is therefore puzzling, if not troublesome.

[8] The affidavit of Steve Campbell, the president of both Plaintiffs, offered in support of Plaintiffs' objection to the Zufalls' motion for summary judgment, was conspicuously silent regarding any representations Ron Zufall may or may not have made.

Re: *Spyke, Inc. v. Zufall*
February 21, 2007
Page 8


in this case.  Plaintiffs have not otherwise advanced specific facts to create a genuine issue of material fact for trial.  The Court will therefore enter an order granting the Zufalls' motion for summary judgment and dismissing this adversary proceeding.

						Sincerely,

						Irvin N. Hoyt
						Bankruptcy Judge

INH:sh

cc:	adversary file (docket original in adversary file; serve copies on counsel)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota